GREGORIO SICARD ESPINOLA, Petitioner and Appellee, v. BOARD OF MEDICAL EXAMINERS OF PUERTO RICO, Respondent and Appellant.

No. 9303. Argued May 1, 1947.—Decided May 19, 1947.

Luis Negrón Fernández, Acting Attorney General, Luis E. Dubón and Félix Ochoteco, Jr., for appellant. Vicente Géigel Polanco, for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

Pursuant to Act No. 26, Laws of Puerto Rico, 1942 (p. 396),[1] the Board of Medical Examiners on April 20, 1943, issued a license to Gregorio Sicard Espinola to practice medicine in Puerto Rico until a year after the end of the war. Since that date Sicard has held the post of director of public charity of Guayama. In 1944 a complaint was filed before the Board alleging that between May and December, 1943, Sicard had not confined himself to the work of public charity but had also engaged in the private practice of medicine in that he had treated seven persons from whom he had collected fees, in alleged violation of Act No. 26.

A hearing was held by the Board on this complaint pursuant to § 23 of Act No. 22, Laws of Puerto Rico, 1931 (p. 204) (see Board of Medical Examiners v. District Court, 64 P.R.R. 595), as a result of which the Board revoked the license of Sicard. It held that Sicard had treated seven private patients for fees; that his license required him to confine his work exclusively to municipal public charity; and that in revoking this license it was acting pursuant to § 4 of Act No. 26, which provides that such a temporary license may be revoked by the Board "when the interested physician voluntarily retires from the service of municipal charities. . . "

Sicard filed a petition in the district court for review of the order of the Board, as provided in § 23 of Act No. 22.

---

[1] The amendment of § 1 of Act No. 26, found in Act No. 13, Laws of Puerto Rico, 1942, Second and Third Special Sessions (p. 42), has no bearing on this case.

The lower court entered a judgment vacating the order of the Board. The Board has appealed from that judgment.

■■ There is no contention here that Sicard did not perform his duties satisfactorily as director of public charity of Guayama. The only complaint is that in these seven instances he also treated private patients for fees. It is true that §§ 2 and 4 of Act No. 26 speak of such a license as one to practice medicine in public charity. But these Sections must be read together with § 6, which provides that "at no time shall the number of physicians authorized to practice *preferentially* in municipal public charities exceed fifty." (Italics ours.) We therefore agree with the district court that the Legislature did not intend that the doctors admitted to practice during the emergency pursuant to Act No. 26 should be restricted from taking occasional private patients during any time they had free from their public charity duties.

Under Act No. 26, an applicant must possess "all the qualifications for a permanent license except citizenship." *Board of Medical Examiners* v. *District Court, supra,* p. 596. Sicard passed the examination to which he was submitted by the Board. He is therefore presumably qualified to practice medicine, either for public charity or privately. We cannot assume that the Board admits men not qualified to practice merely because they are to treat the poor. The complaint here in short is not against Sicard's qualifications, but against his competition with other private physicians. But doctors who are citizens with permanent licenses are permitted to practice both in the public charity and private fields. And the Legislature has not in Act No. 26 restricted the petitioner and others with such temporary licenses from doing the same. The conduct of Sicard was therefore not in violation of the license issued to him pursuant to Act No. 26.

■ Moreover, § 4 of Act No. 26 provides for revocation of a temporary license by the Board when the physician

voluntarily withdraws from his public charity position. But Sicard continued to work in public charity. The fact that he treated seven patients in his spare time over a period of months did not constitute voluntary retirement from his post, which was the ground on which the Board purported to revoke his license.

The judgment of the district court will be affirmed.